IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEE BAKER                                                                             PLAINTIFF

v.                                   Case No. 6:16-cv-6082

DISTRICT COURT JUDGE DAVID
SWITZER; DISTRICT COURT CLERK
VICKIE ALSER; and PROSECUTING
ATTORNEY TERRY HARRIS                                  DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed October 26, 2016, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 5. Judge Ford recommends that Plaintiff's claims against all Defendants be dismissed without prejudice. Plaintiff has responded with objections. ECF No. 6. The Court finds the matter ripe for consideration.

Plaintiff is currently incarcerated in the Arkansas Department of Correction, Cummins Unit, and files this civil action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations by Defendants in their individual and official capacities. Specifically, Plaintiff alleges that Defendants suspended his driver's license four times without showing cause. He further alleges that Defendants ignored his letters, petitions, motions, and affidavits asking to run his misdemeanor and felony sentences concurrently and to dismiss certain fines and fees.

Judge Ford concluded that because Defendant Terry Harris is a prosecuting attorney, he is entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity."); *Schenk v. Chavis*, 461 F.3d 1043. 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper

are immunized."). Judge Ford further concluded that because Defendant David Switzer is a district judge, he is immune from suit. *See Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judge Ford also concluded that because Defendant Vickie Alser is a district court clerk, she is immune from suit. *See Boyer v. Cty. of Washington*, 971 F.2d 100, 101 (8th Cir. 1992) ("'Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process,' unless the clerks acted 'in the clear absence of all jurisdiction.'") (quoting *Mullins v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987))). Addressing Plaintiff's official capacity claim, Judge Ford concluded that Plaintiff has not alleged that his rights were violated by any policy or custom of Garland County and thus fails to state a cognizable official capacity claim.

In his objections, Plaintiff does not address the issue of immunity and makes no specific objections regarding the official capacity claims. Plaintiff simply restates his claims against each Defendant. The Court agrees with Judge Ford's reasoning and conclusion that Defendants are entitled to immunity. The Court also agrees with Judge Ford's reasoning and conclusion that Plaintiff fails to state a cognizable official capacity claim against Garland County.

Accordingly, based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 5. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**IT IS SO ORDERED**, this 21st day of June, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge